

U.S. COURT OF APPEALS
RECEIVED
CLERK
MAR 16 2023
ATLANTA, GA

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JONATHAN TYLER PRIVE,

          Petitioner - Appellant,

vs.

                                      Case No. 22-11005-C

UNITED STATES OF AMERICA,

          Respondent - Appellee. /

## PETITION FOR REHEARING

COMES NOW, the Petitioner, Jonathan Prive, pro se, pursuant to Federal Rule of Civil Procedure 59(e) and the Fifth Amendment to the United States Constitution, who respectfully petitions this Honorable Court for rehearing of the above-referenced cause following the Court's Order of February 16, 2023 (Doc. 11-2), which denied the Petitioner a Certificate of Appealability ("COA") and leave to proceed in forma pauperis ("IFP").

A petition for rehearing or reconsideration may be granted when a Petitioner raises as grounds "the need to correct clear error or prevent manifest injustice." _Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC_, 597 F.3d 1374, 1383 (11th Cir. 2010). Such a motion is also proper to correct manifest errors of law or fact. _Harsco Corp v. Zlotnicki_, 779 F.2d 906, 909 (3rd Cir. 1985). The Petitioner requests that the Court rehear or reconsider this case because it has made clear errors of law and fact which deny the Petitioner due process of law under the Fifth Amendment and this Circuit's own prior rulings, resulting in a manifest injustice.

In support of this motion, the Petitioner would show the following:

## I. Lack of Jurisdiction:

1. This Court never established proper jurisdiction, prior to ruling on the merits of this cause. The Court entered its Order as to issues 2 and 3 of the Motion for Permission to Appeal In Forma Pauperis without first

ruling on whether or not the District Court improperly denied the Amended §2255 Motion without holding the hearing mandated by law in 28 U.S.C. §2255(b). See Motion for Permission to Proceed IFP, issue 1, 7/13/2022).

This is an essential jurisdictional issue which must be resolved before the Court can assume jurisdiction, because if the District Court was without jurisdiction to make findings of fact and conclusions of law until after a hearing was conducted, the Court of Appeal lacks jurisdiction to rule on the District Court's findings, and must remand for further proceedings in accordance with §2255(b). Failure to rule on this issue denies the Court jurisdiction, and results in a manifest injustice.

This issue was raised independent of the denial or issuance of a COA, and is ripe for consideration as it was raised below (Petition for Rehearing, pg 4), as well as in the Motion to Proceed IFP, in issues 1 and 4 (see petition, 7/13/22). The issue is properly raised at this stage, and requires rehearing, as it implicates this Court's jurisdiction, and as failure to rule on the issue would deny due process and access to the court for a redress of grievances, under the Fifth Amendment, and resulting in a manifest injustice.

2. Issues 1 and 4 exist independent of the denial of the Amended §2255 Motion, or the COA, and the failure to hear these issues leaves the Petitioner without any other means of testing the validity of the proceedings below. While a §2255 motion must be accompanied by a COA before the grounds raised therein can be considered on appeal, this court may still grant a motion to proceed IFP for the purpose of resolving the jurisdictional issue and the allegation that the district court judge violated Petitioner's right to due process and acted with bias, rendering the proceedings below invalid (Issues 1 and 4). Failure to consider these issues thus denies the Petitioner any avenue for relief and results in a manifest injustice.

II. Exception to Procedural Default:

1. The Court's Order contains a clear error of law with respect to the procedural default. The Order does not hold that jurists of reason would not

find the District Court's rulings on the procedural defaults debatable or wrong. The Order also did not rule that jurists of reason would find that the petition fails to state a valid claim of the denial of a constitutional right. The Order instead only states that Grounds 1-7 "were procedurally defaulted," and that "[i]t is also clear that Mr. Prive failed to establish that an exception applied to his default of Grounds 1-7."

The conclusory statement that the grounds "were procedurally defaulted," or that the Petitioner "failed to establish that an exception applied," does not meet the standard of review which this court held was applicable to this case (Order, pg 2), and making such statements instead of the legally required analysis was a clear error of law, resulting in a manifest injustice and denial of due process. The Court must reconsider the motion and apply the correct standard of review to correct this error.

2.  The Court does not deny that the Petitioner made a substantial showing of the denial of a constitutional right, and does not hold that the petition failed to state a valid claim of the denial of a constitutional right. The Court only ruled that the claims were procedurally defaulted because they were either raised in response to the Anders brief, or because they were raised on direct, and failed entirely to address the "miscarriage of justice or actual innocence" exceptions to procedural default. See McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Because the Petitioner is entitled to an exception as a matter of law when, as in this case, the court finds valid claims of a constitutional right, the denial of the motion for permission to proceed IFP on appeal and a COA was a clear error of fact or law, resulting in a denial of due process and a manifest injustice.

3.  This court has previously held that "a defendant is actually innocent of a crime where the underlying statute is without force or effect," Mills v. U.S., 36 F.3d 1052, 1056 (11th Cir. 1994), but it failed to afford equal application to the Petitioner's case, denying due process and resulting in a clear error of law.

In Ground 1 and 2 of the Amended §2255 Motion, the Petitioner raised an irrefutable "catch-22" concerning the unambiguous text of 18 U.S.C.

§ 2422(b): In essence, the statute means exactly what it says, and it is facially overbroad, or else it does *not* mean exactly what it's plain text says, and it is unconstitutionally vague because it leaves people to guess what it does cover, and fails to provide any guidance or limitations for law enforcement or prosecutors. There is no third option, and neither of the possible readings is constitutional, rendering it void *ab initio*, and without force or effect.

This Court did not find that the Petitioner's claims did not demonstrate a valid claim of the denial of a constitutional right or constitute a substantial showing of the denial of a constitutional right. Because these grounds clearly established that the law is null and void, having no effect, this Court has no choice but to give equal application of its own prior precedent in *Mills v. U.S.*, 36 F.3d 1052, 1056 (11th Cir. 1994), to this case, and to find that the Petitioner's constitutional claims are available on appeal, and on his Amended § 2255 Motion, under the "miscarriage of justice or actual innocence" exceptions to procedural default.

Because the Court's Order failed to faithfully apply its own prior precedent to this case, despite the valid claims of a constitutional violation, and as the Court failed to consider the "manifest injustice or actual innocence" exception in this case, the Order was a clear error of law which results in a denial of due process and a manifest injustice. To correct this error and prevent a manifest injustice, the Petitioner respectfully insists rehearing is necessary and proper in this instance.

4. The Court's Order did not find that the jurist of reason could not find it debatable that Grounds 1-7 qualified for an exception to procedural default under the "manifest injustice or actual innocence" standard, in re *Mills*, or that these Grounds lacked merit, or failed to state a valid claim. For this reason, the court committed a clear error of law when it failed to apply this exception to Grounds 1-4, and to consider its application to 5-6, resulting in a denial of due process and a manifest injustice. The Court must consider and rule upon all available grounds for exceptions to procedural default under the 'reasonable jurist' standard it set forth in its Order, before a denial.

## III. Newly Discovered Evidence and Manifest Injustice:

1. Grounds 5 and 6 of the Amended §2255 Motion plainly stated that they were based on new information which was only discovered after the direct appeal was concluded. See Petitioner's Reply to Response and Supplemental Response, page 3, lines 3-8, and pages 7 and 19 (referring to Ground Six). This information was not available at the time of the appeal, and was not developed until proceedings in State court were held in 2018 and 2019. Because it was not available on the direct appeal, it is a clear error to hold that these grounds are procedurally defaulted.

2. The Court made a clear error of fact and law when it ruled that the Petitioner "failed to show prejudice as he merely speculated that additional discovery would have revealed exculpatory emails." (Order, pg 3). Petitioner submitted a motion to the District Court for discovery (Doc. 26) which put the court on notice that Brady material had been discovered in the posession of State prosecutors, and that defense attorney Rebecca Morgan had reported the records had been withheld in bad faith. The Petitioner stated that the attorney told him the emails would prove factual innocence to Count One of the federal charges because they conclusively showed he was lured to the scene under false pretenses, and lacked the foreknowledge required for a crime. (See Doc. 26, pgs 2-3; Amended 2255 Motion, A-6 and A-7, points 7-9; and the Petitioner's Reply, pgs 18 and 22).

   The Petitioner has stated with great specificity what was withheld, the name of the attorney who found the evidence and how it was discovered, and the specific facts the evidence revealed which established factual innocence. The District Court denied the motion for discovery (Doc 26), and said if discovery became necessary it would order that (see Doc. 28), but then turned around and denied the 2255 motion because Petitioner could not provide citations from the records being withheld, and which the District Court had refused to order be disclosed to him.

   The Court's conclusion that Petitioner "merely speculated" that additional discovery would have revealed exculpatory e-mails" is thus a clear error

of fact, and basing the denial of the motion to proceed IFP or COA on this error results in a clear error of law which denies due process. It would also be a manifest injustice to deny review of a *Brady* claim, which was only denied because the District Court refused to order the evidence be turned over, and when the Government has never denied they possess the *Brady* materials withheld.

3.   The record of the case and affidavit conclusively showed that Attorney Jose Rodriguez attempted to deceive the District Court in his affidavit (see Petitioner's Reply, pgs 23-24), and his defense to allegations that he did no investigation or preparation boiled down to, "If he requested it, I would have done research" (id, pg 24, quoting Doc. 47, ex 4). The Court finding that no reasonable jurists would "debate that Mr. Prive failed to establish his plea counsel's purported deficient performance prejudiced him," is not the legal standard of review for a COA. Courts must find that no jurist of reason would find the District Court's ruling *debatable or wrong* (see Order, pg 2).

As the record clearly establishes an actual or constructive denial of the assistance of counsel, and counsel does not refute the specific deficiencies alleged, this Court's Order makes a clear error of fact and law which requires rehearing under the correct standard of review. To do otherwise results in a denial of due process and a manifest injustice.

IV.   Lack of Records to Support Findings:

1.   The records and documents of the case are completely silent as to the private attorney-client privileged conversations or agreements made between Petitioner and post-plea counsel ~~Atoto~~ Daniel Brodersen, and no hearing was held on the matters raised. The unrebutted allegations must, therefore, be taken as true, and the filings state that Brodersen intentionally denied Petitioner assistance of counsel during the District Court and appeal proceedings. This Court's

Order as to Ground 10, finding that Petitioner failed to establish Brodersen performed ineffectively (Order, pg 3), is thus a clear error of fact and law refuted by the record of the case, and does not apply the legal standard of review required (id, pg 2). The Court must rule on whether a reasonable jurist could find the District Court's rulings on the entirely silent record debatable or wrong, not whether or not the court had ruled against him, and this necessitates rehearing, as the error of law results in a manifest injustice.

2. The unrefuted claims by the Petitioner that Brodersen prejudiced the Petitioner by intentionally and maliciously refusing to assist Petitioner in the preparation of his direct appeal, or response to the Anders brief, clearly establish an actual denial of the assistance of counsel under the Sixth Amendment. It was further shown that the Petitioner was utterly without resources, records, discovery, or any access to a law library because of Brodersen's actions. It is also clear that the Petitioner is a layman, who had no training or legal experience at the time of his direct appeal, and thus had no way to construct legal theories or arguments, to cite records or evidence, or to be made aware of the requirements of raising those issues on a direct appeal to avoid procedural default on a 32255 Motion.

This Court's Order made clear errors of fact and law by ruling that, despite these facts, and the unrefuted claims which the District Court held no hearing on, the Petitioner had "clearly]...failed to establish that an exception applied to his default of Grounds 1-7." (Order, pg 2). Not only were Brodersen's actions and the resulting procedural default issue the very definition of 'cause and prejudice' due to ineffective assistance, but this Court did not apply its own standard of review and determine if a reasonable jurist would find that the District Court's ruling on procedural default was debatable or wrong. Failing to use the correct standard of review denied due process, and results in a manifest injustice, necessitating rehearing.

WHEREFORE, the Petitioner respectfully asserts that the Court has made clear errors of law and fact which necessitate rehearing in order to correct a manifest injustice, and requests that this court rehear or reconsider the cause in light of the foregoing, and thereafter GRANT the petition for leave to proceed in forma pauperis on appeal, as well as the certificate of appealability, or any other relief this court deems proper in the interests of justice.

Respectfully submitted,

Jonathan Prive
DC # C60494
Franklin C.I.
1760 HWY 67 North
Carrabelle, FL 32322

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT

The following parties are known to the Petitioner to have an interest in the outcome of this appeal:

1. Antoon, Hon. John, II, U.S. District Judge, M.D. Fla.;
2. Bodnar, Roberta Josephina, Assistant United States Attorney;
3. Brodersen, Daniel N., former counsel for Petitioner;
4. Irick, Hon. Daniel C., U.S. Magistrate Judge, M.D. Fla.;
5. Miranda, Ilianis Rivera, Assistant United States Attorney;
6. Prive, Jonathan T., Petitioner, pro se;
7. Rhodes, David P., Assistant United States Attorney, Chief, App. Div.;
8. Rodriguez, José, former counsel for Petitioner;
9. Searle, Andrew C., former Assistant United States Attorney;
10. Spaulding, Hon. Karla R., U.S. Magistrate Judge, M.D. Fla. (retired).


No further parties are known to the Petitioner to have an interest in the outcome of this appeal.


Signed: _____     Date: 03/09/2023
      Jonathan T. Prive

## UNNOTARIZED OATH

I, Jonathan Prive, do hereby swear under penalty of perjury that the facts and statements contained in the foregoing are true and correct to the best of my knowledge and understanding.

Signed: _____ On this, the 9th day of March, 2023.

Jonathan T. Prive

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been placed in the hands of personnel from the Department of Corrections on this, the 14th day of March, 2023, to be delivered by U.S. Mail, postage paid, to the following parties:

1. The Office of the Clerk
   United States Court of Appeals
   Eleventh Circuit
   56 Forsyth Street, N.W.
   Atlanta, GA 30303

PROVIDED TO FRANKLIN CI
FOR MAILING ON B4
3 14 23
INMATE INITIALS

2. Roberta Josephina Bodnar, AUSA
   U.S. Attorney's Office
   35 S.E. 1st Avenue
   Suite 300
   Ocala, FL 34471

Signed: _____ Date: 03/14/2023

Jonathan T. Prive

Jonathan Prive
DC# C60494
Franklin C.I.
1760 HWY 67 North
Carrabelle, FL 32322

TALLAHASSEE FL 323

14 MAR 2023 PM 5 L

Office of the Clerk
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

CLEARED FOR MAILING
STATE OF FLORIDA

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

MAR 16 2023
U.S. Marshals Service
Atlanta, GA 30303

LEGAL MAIL

30303-229599