IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JONATHAN TYLER PRIVE,

    Petitioner-Appellant,

vs.    Appeal No. 22-11005-C

UNITED STATES OF AMERICA,

    Respondent-Appellee.

## MOTION TO FILE OUT OF TIME

COMES NOW, the Petitioner, Jonathan Prive, pro se, pursuant to this Court's Notice of Deficiency (Doc. No. unavailable), filed on March 17, 2023, informing the Petitioner that the Petition for Rehearing filed in this cause pursuant to Fed.R.Civ.P. 59(e) would not be considered because 11th Cir. R. 27-2 requires all such motions be filed within 21 days of the entry of the order. For good cause shown, and in the interests of justice, the Petitioner does hereby refile the entire document contemporaneously herewith, as instructed by the Notice of Deficiency, and requests that the Court accept the Petition as having been timely filed. In support of this motion, your Petitioner submits the following:

1. The Court's Order (Doc. 11-2) was entered on February 16, 2023. Federal Rule of Civil Procedure 59(e) states that a motion for reconsideration such as that filed in response to the Order must be filed within twenty eight (28) days of the entry of an order. Thus, the statutory deadline for filing in this case was on March 16, 2023. Pursuant to the rules governing filings by incarcerated inmates, the Petitioner filed his pro se Petition for Rehearing on March 14, 2023, when it was given to Department of Correction personnel for mailing via the institution's legal mail policy.

2. The Petitioner asks that the court take judicial notice of the March 9, 2023, signature on the unnotarized oath (Petition, pg 10), which constitutes a sworn statement that the Petition was completed and ready for mailing on March 9, 2023, which was the twenty one (21) day deadline which 11th Cir. R. 27-2 would impose if it were the controlling rule in this case. Due to Department of Correction (DOC) actions which

which are entirely beyond the Petitioner's control, the Petitioner was prevented from mailing the Petition until March 14, 2023.

3. In accordance with his interpretation of Chapter 33, Florida Administrative Code, the Warden at Franklin C.I., where the Petitioner is incarcerated, has instituted a policy whereby inmates are not permitted to send legal mail except by submitting an inmate request form (DC-236 form), addressed to "legal mail," and requesting to be placed on the institutional "call out" list of approved inmate movement for appointments. Once approved, the inmate is allowed to appear at the designated place and time to present their outgoing legal mail to the institution's 'legal mail representative', who is the only person permitted to accept and send out an inmate's legal mail.

Inmates are specifically prohibited by Chapter 33, F.A.C., from sending legal mail through other mail procedures, and mail will be intercepted and returned by DOC staff if inmates try to send legal mail through normal mail boxes at the prison.

4. Official policy is that inmates submit a request, it is received by staff, and the inmate is placed on the callout the following day. The reality, however, is that the institution's legal mail representative has a long and documented pattern of either not receiving the requests at all; blatantly lying about having not received them, despite documentation to the contrary; and/or not processing the requests until many days or weeks later. It is entirely unpredictable, and often prevents many inmates' timely filings. The Warden is aware of this issue, but refuses to take corrective action.

In the instant case, the Petitioner filed a request early, on March 8, 2013, and was not placed on the call out until March 14, 2023, six days later, in violation of DOC policy and the petitioner's right of access to the courts. (See "Exhibit A").

5. Because the petitioner was prevented from filing on March 9, 2023, by the actions of others totally outside his control, this represents good cause shown for the delay in mailing the prepared motion, and this court has the authority to accept the pro se Petition for Rehearing as timely under the 11th Cir. rule, as well as under Fed. R. Civ. P. 59(e), in the interests of justice.

6. While 11th Cir. R. 27-2 provides that motions for rehearing or reconsideration must be filed within 21 days of the entry of an order, the Petitioner clearly stated in his Petition for Rehearing, in the opening sentence, that the petition was being brought before the court pursuant to Fed. R. Civ. P. 59(e), which gives him the right to seek relief within 28 days of the entry of the Order. Because the pro se Petition for Rehearing was filed on the mailing date of March 14, 2023, and the statute gives him the legal right to file up to and including March 16, 2023, his motion must be accepted as timely filed under Federal law.

7. The courts of the United States are without authority to create or apply local rules of the court in any way that conflicts with the Federal Rules of Civil Procedure, which are created by the United States Supreme Court and the Judicial Conference. Should this court find that the Petitioner has not shown good cause why the court should except the filing after the expiration of the 21 day period prescribed by 11th Circuit rules, then the Court is obligated to consider the filing timely under the Federal Rules of Civil Procedure, Rule 59(e).

8. Federal Rules of Civil Procedure created by the Supreme Court or the U.S. Judicial Conference have the force of law, and as parties in a cause governed by these rules are entitled to 28 days in which to file for rehearing or reconsideration under Rule 59(e), refusing to consider the Petition timely filed after only 26 days of the Order would constitute a denial of due process under the 5th Amendment to the U.S. Constitution, as well as a denial of access to the court for a redress of grievances, and resulting in a manifest injustice.

WHEREFORE, the Petitioner respectfully asserts that the pro se Petition for Rehearing must be considered timely filed, and for good cause shown, as well as under applicable law, asks that the Court enter its Order granting the Petitioner leave to proceed outside the 21 day filing period prescribed by 11th Cir. R. 27-2, thereafter considering the Petition for Rehearing on the merits, and/or any other relief this Court may deem appropriate in the interests of justice.

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following parties are known to the Petitioner to have an interest in the outcome of this appeal:

1. Antoon, Hon. John, II, U.S. District Judge, M.D. Fla.;
2. Bodnar, Roberta Josephina, Assistant United States Attorney;
3. Brodersen, Daniel N., former counsel for Petitioner;
4. Irick, Hon. Daniel C., U.S. Magistrate Judge, M.D. Fla.;
5. Miranda, Ilianis Rivera, Assistant United States Attorney;
6. Prive, Jonathan T., Petitioner, pro se;
7. Rhodes, David P., Assistant United States Attorney, Chief, App. Div.;
8. Rodriguez, José, former counsel for Petitioner;
9. Searle, Andrew C., former Assistant United States Attorney;
10. Spaulding, Hon. Karla R., U.S. Magistrate Judge, M.D. Fla. (retired).

No further parties are known to the Petitioner to have an interest in the outcome of this appeal.

Signed: _____  Date 03/21/2023
Jonathan T. Prive

## UNNOTARIZED OATH

I, Jonathan Prive, do hereby swear under penalty of perjury that the facts and statements contained in the foregoing are true and correct to the best of my knowledge and understanding.

Signed: _[signature]_   On this, the 21st day of March, 2023.
   Jonathan T. Prive

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been placed in the hands of Department of Correction personnel on this, the 28th day of March, 2023, postage paid, to be delivered by U.S. Mail to the following parties:

1. The Office of the Clerk
   United States Court of Appeals
   Eleventh Circuit
   56 Forsyth Street, N.W.
   Atlanta, GA 30303

PROVIDED TO FRANKLIN CI FOR MAILING ON
3/28/23
INMATE INITIALS _[initials]_

2. Roberta Josephina Bodnar, AUSA
   U.S. Attorney's Office
   35 SE 1st Avenue
   Suite 300
   Ocala, FL 34471

Signed: _[signature]_   Date: 03/28/2023
   Jonathan T. Prive

# STATE OF FLORIDA
# DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [x] Other  LEGAL MAIL

FROM:
- Inmate Name: Jonathan Prive
- DC Number: C60494
- Quarters: B3-203 U
- Job Assignment: Houseman
- Date: 3/8/23

## REQUEST

Check here if this is an informal grievance ☐

I have a filing deadline on 3/16/23 and need to send out legal mail before then. Please put me on the callout ASAP. Thank you.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature]    DC#: C60494

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: 3-13-23

Tuesday

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): _____    Official (Signature): [signature]    Date: 3-13-23

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within ~~10~~ 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective ~~12/14~~)

Incorporated by Reference in Rule 33-103.005, F.A.C.

pg 1 of 10

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JONATHAN TYLER PRIVE,

    Petitioner-Appellant,

vs.                                   Case No. 22-11005-C

UNITED STATES OF AMERICA,

    Respondent-Appellee. /

## PETITION FOR REHEARING

COMES NOW, the Petitioner, Jonathan Prive, pro se, pursuant to Federal Rule of Civil Procedure 59(e) and the Fifth Amendment to the United States Constitution, who respectfully petitions this Honorable Court for rehearing of the above-referenced cause following the Court's Order of February 16, 2023 (Doc. 11-2), which denied the Petitioner a Certificate of Appealability ("COA") and leave to proceed in forma pauperis ("IFP").

A petition for rehearing or reconsideration may be granted when a Petitioner raises as grounds "the need to correct clear error or prevent manifest injustice." *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). Such a motion is also proper to correct manifest errors of law or fact. *Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985). The Petitioner requests that the Court rehear or reconsider this case because it has made clear errors of law and fact which deny the Petitioner due process of law under the Fifth Amendment and this Circuit's own prior rulings, resulting in a manifest injustice.

In support of this motion, the Petitioner would show the following:

### I. Lack of Jurisdiction:

1. This Court never established proper jurisdiction prior to ruling on the merits of this cause. The Court entered its Order as to issues 2 and 3 of the Motion for Permission to Appeal In Forma Pauperis Without Cost

ruling on whether or not the District Court improperly denied the Amended §2255 Motion without holding the hearing mandated by law in 28 U.S.C. §2255(b). See Motion for Permission to Proceed IFP, issue 1, 7/13/2022).

This is an essential jurisdictional issue which must be resolved before the Court can assume jurisdiction, because if the District Court was without jurisdiction to make findings of fact and conclusions of law until after a hearing was conducted, the Court of Appeal lacks jurisdiction to rule on the District Court's findings, and must remand for further proceedings in accordance with §2255(b). Failure to rule on this issue denies the Court jurisdiction, and results in a manifest injustice.

This issue was raised independent of the denial or issuance of a COA, and is ripe for consideration as it was raised below (Petition for Rehearing, pg. 4), as well as in the Motion to Proceed IFP, in issues 1 and 4 (see petition, 7/13/22). The issue is properly raised at this stage, and requires rehearing, as it implicates this Court's jurisdiction, and as failure to rule on the issue would deny due process and access to the court for a redress of grievances, under the Fifth Amendment, and resulting in a manifest injustice.

2. Issues 1 and 4 exist independent of the denial of the Amended §2255 Motion, or the COA, and the failure to hear these issues leaves the Petitioner without any other means of testing the validity of the proceedings below. While a §2255 motion must be accompanied by a COA before the grounds raised therein can be considered on appeal, this court may still grant a motion to proceed IFP for the purpose of resolving the jurisdictional issue and the allegation that the district court judge violated Petitioner's right to due process and acted with bias, rendering the proceedings below invalid. (Issues 1 and 4). Failure to consider these issues thus denies the Petitioner any avenue for relief and results in a manifest injustice.

II. Exception to Procedural Default:

1. The Court's Order contains a clear error of law with respect to the procedural default. The Order does not hold that jurists of reason would not

find the District Court's rulings on the procedural defaults debatable or wrong. The Order also did not rule that jurists of reason would find that the petition fails to state a valid claim of the denial of a constitutional right. The Order instead only states that Grounds 1-7 "were procedurally defaulted," and that "[i]t is also clear that Mr. Price failed to establish that an exception applied to his default of Grounds 1-7."

The conclusory statement that the grounds "were procedurally defaulted," or that the Petitioner "failed to establish that an exception applied," does not meet the standard of review which this court held was applicable to this case (Order, pg 2), and making such statements instead of the legally required analysis was a clear error of law, resulting in a manifest injustice and denial of due process. The Court must reconsider the motion and apply the correct standard of review to correct this error.

2. The Court does not deny that the Petitioner made a substantial showing of the denial of a constitutional right, and does not hold that the petition failed to state a valid claim of the denial of a constitutional right. The Court only ruled that the claims were procedurally defaulted because they were either raised in response to the Anders brief, or because they were raised on direct, and failed entirely to address the "miscarriage of justice or actual innocence" exceptions to procedural default. See McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Because the Petitioner is entitled to an exception as a matter of law when, as in this case, the court finds valid claims of a constitutional right, the denial of the motion for permission to proceed IFP on appeal and a COA was a clear error of fact or law, resulting in a denial of due process and a manifest injustice.

3. This court has previously held that "a defendant is actually innocent of a crime where the underlying statute is without force or effect," Mills v. U.S., 36 F.3d 1052, 1056 (11th Cir. 1994), but it failed to afford equal application to the Petitioner's case, denying due process and resulting in a clear error of law.

In Ground 1 and 2 of the Amended §2255 Motion, the Petitioner raised an irrefutable "catch-22" concerning the unambiguous text of 18 U.S.C.

§2422(b): In essence, the statute means exactly what it says, and it is facially overbroad, or else it does *not* mean exactly what it's plain text says, and it is unconstitutionally vague because it leaves people to guess what it does cover, and fails to provide any guidance or limitations for law enforcement or prosecutors. There is no third option, and neither of the possible readings is constitutional, rendering it void ab initio, and without force or effect.

This Court did not find that the Petitioner's claims did not demonstrate a valid claim of the denial of a constitutional right or constitute a substantial showing of the denial of a constitutional right. Because these grounds clearly established that the law is null and void, having no effect, this Court has no choice but to give equal application of its own prior precedent in *Mills v. U.S.*, 36 F.3d 1052, 1056 (11th Cir. 1994), to this case, and to find that the Petitioner's constitutional claims are available on appeal, and on his Amended §2255 Motion, under the "miscarriage of justice or actual innocence" exceptions to procedural default.

Because the Court's Order failed to faithfully apply its own prior precedent to this case, despite the valid claims of a constitutional violation, and as the Court failed to consider the "manifest injustice or actual innocence" exception in this case, the Order was a clear error of law which results in a denial of due process and a manifest injustice. To correct this error and prevent a manifest injustice, the Petitioner respectfully insists rehearing is necessary and proper in this instance.

4. The Court's Order did not find that the jurist of reason could not find it debatable that Grounds 1-7 qualified for an exception to procedural default under the "manifest injustice or actual innocence" standard, in re *Mills*, or that these Grounds lacked merit, or failed to state a valid claim. For this reason, the court committed a clear error of law when it failed to apply this exception to Grounds 1-4, and to consider its application to 5-6, resulting in a denial of due process and a manifest injustice. The Court must consider and rule upon all available grounds for exceptions to procedural default, under the 'reasonable jurist' standard it set forth in its Order, before a denial.

pg 5 of 10

### III. Newly Discovered Evidence and Manifest Injustice:

1. Grounds 5 and 6 of the Amended §2255 Motion plainly stated that they were based on new information which was only discovered after the direct appeal was concluded. See Petitioner's Reply to Response and Supplemental Response, page 3, lines 3-8, and pages 7 and 19 (referring to Ground Six). This information was not available at the time of the appeal, and was not developed until proceedings in State court were held in 2018 and 2019. Because it was not available on the direct appeal, it is a clear error to hold that these grounds are procedurally defaulted.

2. The Court made a clear error of fact and law when it ruled that the Petitioner "failed to show prejudice as he merely speculated that additional discovery would have revealed exculpatory emails." (Order, pg 3). Petitioner submitted a motion to the District Court for discovery (Doc. 26) which put the court on notice that Brady material had been discovered in the possession of State prosecutors, and that defense attorney Rebecca Morgan had reported the records had been withheld in bad faith. The Petitioner stated that the attorney told him the emails would prove factual innocence to Count One of the federal charges because they conclusively showed he was lured to the scene under false pretenses, and lacked the foreknowledge required for a crime. (See Doc. 26, pgs 2-3; Amended 2255 Motion, A-6 and A-7, points 7-9; and the Petitioner's Reply, pgs 18 and 22).

The Petitioner has stated with great specificity what was withheld, the name of the attorney who found the evidence and how it was discovered, and the specific facts the evidence revealed which established factual innocence. The District Court denied the motion for discovery (Doc 26), and said if discovery became necessary it would order that (see Doc. 28), but then turned around and denied the 2255 motion because Petitioner could not provide citations from the records being withheld, and which the District Court had refused to order be disclosed to him.

This Court's finding that Petitioner "merely speculated that additional discovery would have revealed exculpatory e-mails" is thus a clear error

of fact, and basing the denial of the motion to proceed IFP or COA on this error results in a clear error of law which denies due process. It would also be a manifest injustice to deny review of a Brady claim, which was only denied because the District Court refused to order the evidence be turned over, and when the Government has never denied they possess the Brady materials withheld.

3. The record of the case and affidavit conclusively showed that Attorney Jose Rodriguez attempted to deceive the District Court in his affidavit (see Petitioner's Reply, pgs 23-24), and his defense to allegations that he did no investigation or preparation boiled down to, "IF he requested it, I would have done research" (id, pg 24, quoting Doc. 47, ex A). The Court finding that no reasonable jurists would "debate that Mr. Prive failed to establish his plea counsel's purported deficient performance prejudiced him," is not the legal standard of review for a COA. Courts must find that no jurist of reason would find the District Court's ruling debatable or wrong (see Order, pg 2).

As the record clearly establishes an actual or constructive denial of the assistance of counsel, and counsel does not refute the specific deficiencies alleged, this Court's Order makes a clear error of fact and law which requires rehearing under the correct standard of review. To do otherwise results in a denial of due process and a manifest injustice.

## IV. Lack of Records to Support Findings:

1. The records and documents of the case are completely silent as to the private attorney-client privileged conversations or agreements made between Petitioner and post-plea counsel ~~Marc~~ Daniel Brodersen, and no hearing was held on the matters raised. The unrebutted allegations must, therefore, be taken as true, and the filings state that Brodersen intentionally denied Petitioner assistance of counsel during the District Court and appeal proceedings. This Court's

Order as to Ground 10, finding that Petitioner failed to establish Brodersen performed ineffectively (Order, pg 3), is thus a clear error of fact and law refuted by the record of the case, and does not apply the legal standard of review required (id, pg 2). The Court must rule on whether a reasonable jurist could find the District Court's rulings on the entirely silent record debatable or wrong, not whether or not the court had ruled against him, and this necessitates rehearing as the error of law results in a manifest injustice.

2. The unrefuted claims by the Petitioner that Brodersen prejudiced the Petitioner by intentionally and maliciously refusing to assist Petitioner in the preparation of his direct appeal, or response to the Anders brief, clearly establish an actual denial of the assistance of counsel under the Sixth Amendment. It was further shown that the Petitioner was utterly without resources, records, discovery, or any access to a law library because of Brodersen's actions. It is also clear that the Petitioner is a layman, who had no training or legal experience at the time of his direct appeal, and thus had no way to construct legal theories or arguments, to cite records or evidence, or to be made aware of the requirements of raising those issues on a direct appeal to avoid procedural default on a §2255 Motion.

This Court's Order made clear errors of fact and law by ruling that, despite these facts, and the unrefuted claims which the District Court held no hearing on, the Petitioner had "clear[ly]... failed to establish that an exception applied to his default of Grounds 1-7." (order, pg 2). Not only were Brodersen's actions and the resulting procedural default issue the very definition of 'cause and prejudice' due to ineffective assistance, but this Court did not apply its own standard of review and determine if a reasonable jurist would find that the District Court's ruling on procedural default was debatable or wrong. Failing to use the correct standard of review denied due process, and results in a manifest injustice, necessitating rehearing.

WHEREFORE, the Petitioner respectfully asserts that the Court has made clear errors of law and fact which necessitate rehearing in order to correct a manifest injustice, and requests that this Court rehear or reconsider the cause in light of the foregoing, and thereafter GRANT the petition for leave to proceed in forma pauperis on appeal, as well as the certificate of appealability, or any other relief this court deems proper in the interests of justice.

Respectfully submitted,

Jonathan Prive
DC # C60494
Franklin C.I.
1760 HWY 67 North
Carrabelle, FL 32322

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following parties are known to the Petitioner to have an interest in the outcome of this appeal:

1. Antoon, Hon. John, II, U.S. District Judge, M.D. Fla.;
2. Bodnar, Roberta Josephina, Assistant United States Attorney;
3. Brodersen, Daniel N., former counsel for Petitioner;
4. Irick, Hon. Daniel C., U.S. Magistrate Judge, M.D. Fla.;
5. Miranda, Ilianis Rivera, Assistant United States Attorney;
6. Prive, Jonathan T., Petitioner, pro se;
7. Rhodes, David P., Assistant United States Attorney, Chief, App. Div.;
8. Rodriguez, José, former counsel for Petitioner;
9. Searle, Andrew C., former Assistant United States Attorney;
10. Spaulding, Hon. Karla R., U.S. Magistrate Judge, M.D. Fla. (retired).

No further parties are known to the Petitioner to have an interest in the outcome of this appeal.

Signed: _____ Date: 03/09/2023
Jonathan T. Prive

pg 10 of 10

## UNNOTARIZED OATH

I, Jonathan Prive, do hereby swear under penalty of perjury that the facts and statements contained in the foregoing are true and correct to the best of my knowledge and understanding.

Signed: _____ On this, the 9th day of March, 2023.

Jonathan T. Prive

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been placed in the hands of personnel from the Department of Corrections on this, the 28th day of March, 2023, to be delivered by U.S. Mail, postage paid, to the following parties:

1. The Office of the Clerk
   United States Court of Appeals
   Eleventh Circuit
   56 Forsyth Street, N.W.
   Atlanta, GA 30303

2. Roberta Josephina Bodnar, AUSA
   U.S. Attorney's Office
   35 S.E. 1st Avenue
   Suite 300
   Ocala, FL 34471

Signed: _____ Date: 03/28/2023

Jonathan T. Prive

PROVIDED TO FRANKLIN C.
3-28-23

Jonathan Prive
DC# C60494
Franklin C.I.
1760 HWY 67 N
Carrabelle, FL 32322



Clerk of the Court
U.S. Court of Appeal
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

LEGAL MAIL

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION